IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMIAH McCALL, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-2442-L-BW | |
| § | | |
| CREDIT CONTROL LLC, § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Jeremiah McCall's Application to Proceed in District Court Without Prepaying Fees or Costs, received on September 27, 2024. (Dkt. No. 4.) Based on the relevant filings and applicable law, the Court should **DENY** the application and dismiss McCall's case without prejudice unless he pays the $405.00 filing fee by November 1, 2024, or by some other deadline established by the Court.

### I. LEGAL STANDARDS AND ANALYSIS

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when he submits an affidavit establishing his financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). To determine whether the payment of fees would cause undue financial hardship, the Court must examine the applicant's financial condition. *See*

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

*id.*  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*  In addition to requiring an applicant to complete a financial affidavit in support of his request to proceed IFP, the Court may also "look to where the litigant's reported income is in relation to applicable poverty guidelines."  *Moates v. Biden*, No. 6:22-CV-626, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *adopted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

Here, McCall filed a financial affidavit in support of his application to proceed IFP stating that his average monthly income from employment during the past 12 months was $4,000 and he does not expect any major changes to his income in the next 12 months.  (*See* Dkt. No. 4 at 1, 5.)  He reports having $300 in a checking account and one dependent.  (*See id.* at 2-3.)  He claims a total of $3,630 in monthly expenses, stating that he spends, among other things, $600 a month for food, $200 a month for clothing, laundry, and dry-cleaning, $200 a month for transportation, $100 a month for recreation, and $50 for credit card expenses.  (*See id.* at 4.)  He states that he "cannot afford the court cost with my bills and expenses" and because he "recently filed another case and paid the cost."  (*Id.* at 5.)

Based on this information, McCall has failed to show that payment of the $405.00 filing fee would cause him undue financial hardship.  For the 12 months preceding the filing of his IFP application, McCall's self-reported monthly income was $4,000, which nets a yearly income of $48,000.  Even with one dependent, his income is well above the federal poverty guideline for a household of two.  *See*

Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2961 (Jan. 17, 2024) (setting an annual income of $20,440 as the poverty threshold for a household of two in the 48 contiguous states and the District of Columbia).

Additionally, some of McCall's monthly expenses appear, without explanation, to be discretionary. (*See* Dkt. No. 4 at 4 (listing monthly expenses of $600 for food, $200 for clothing, laundry, and dry-cleaning, $200 for transportation, $100 for recreation, and $50 for credit card expenses)); *see, e.g.*, *Dobbins v. Kroger Co.*, No. 3:08-CV-1206-N, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, among other things, certain expenses "appear[ed] excessive without further detailed explanations"); *Cantrell v. Hollander*, No. 3:13-CV-4322-L-BH, 2013 WL 12129250 (N.D. Tex. Nov. 15, 2013) (treating clothing and recreation expenses as discretionary); *Hobbs v. Stanley*, 2022 WL 1510936, at *1 (W.D. Tex. Apr. 14, 2022) (treating clothing and transportation expenses as discretionary), *accepted* 2013 WL 12129251 (N.D. Tex. Dec. 18, 2013); *Ramsey v. NFI Indus.*, No. 3:21-CV-3217-S-BH, 2022 WL 707234, at *1 (N.D. Tex. Feb. 18, 2022) (treating recreation and credit card expenses as discretionary), *accepted* 2022 WL 705965 (N.D. Tex. Mar. 9, 2022). McCall also made the discretionary decision to file two separate lawsuits at the same time but pay only one filing fee. (*See* Dkt. No. 4 at 5.)

## II.  RECOMMENDATION

The Court should **DENY** McCall's Application to Proceed in District Court Without Prepaying Fees or Costs, received on September 27, 2024 (Dkt. No. 4.), and

dismiss his case without prejudice unless he pays the $405.00 filing fee by November 1, 2024, or by some other deadline established by the Court.

**SO RECOMMENDED** on October 2, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).